Steven Jay Katzman (SBN 132755)
skatzman@bklwlaw.com
**BIENERT KATZMAN
LITTRELL WILLIAMS LLP**
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone: (949) 369-3700
Facsimile: (949) 369-3701

Kyle Kveton (SBN 110805)
kyle@kvetonlaw.com
**LAW OFFICE OF KYLE KVETON**
680 E. Colorado Boulevard, Suite 180
Pasadena, California 91101
Telephone: (626) 770-5066

Attorneys for *Plaintiffs*
Baek 124th, LLC, Baek 153, LLC, Baek Ainsworth Property, LLC,
Baek Development LLC, Baek Holdings, LLC, Baek Family Partnership, LLC,
Baek Uptown Property, LLC, Pacific Commercial Group, LLC, RGJ Baek, LLC,
Grace Baek, and Richard Baek

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>JOHN OLAF HALVORSON,<br><br>Debtor.<br><br>———————————————<br><br>BAEK 124th LLC, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN OLAF HALVORSON,<br><br>Defendant. | Case No.  8:15-bk-13556-SC<br><br>Chapter 7<br><br>Adv. No.: 15-ap-01382-SC<br><br>**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT [FRCP 15; LBR 7015-1]**<br><br>**Hearing Date**:<br>Date:   March 3, 2026<br>Time:   1:30 p.m.<br>Place:  Courtroom 5C<br>            411 West Fourth Street<br>            Santa Ana, California 92701 |

MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

**TO DEFENDANT, ALL INTERESTED PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on the above date and time, in Courtroom 5C of the United States Bankruptcy Court for the Central District of California, Santa Ana Division, located at 411 W. Fourth Street, Santa Ana, California 92701, plaintiffs Baek 124th, LLC; Baek 153, LLC; Baek Ainsworth Properties, LLC; Baek Development, LLC; Baek Holdings, LLC; Baek Family Partnership, LLC; Baek Uptown Property, LLC; Pacific Commercial Group, LLC; RGJ Baek, LLC; Grace Baek; and Richard Baek (collectively, the "Plaintiffs") will move this Court for an order permitting them to file a second amended Complaint ("Second Amended Complaint:).

The basis for the motion to amend (the "Motion") is that the proposed Second Amended Complaint will delete the First Claim for Relief set forth in the first amended complaint ("First Amended Complaint"), leaving only the Second Claim for Relief. As to the Second Claim for Relief, this Court has already granted Plaintiffs' motion for summary judgment ("MSJ"). *See* Dkt. No. 265. Once leave to amend has been granted this Court can expeditiously move forward and enter judgment in Plaintiff's favor, thus ending this adversary proceeding in this Court.

**NOTICE IS FURTHER GIVEN** that the Motion is being heard under REGULAR NOTICE pursuant to Local Bankruptcy Rule 9013-1(f). If you wish to oppose this Motion you must file a written response to this Motion with the Bankruptcy Court and serve a copy of it on Plaintiffs' counsel at the address set forth above, not later than 14 days before the hearing on the Motion.

**NOTICE IS FURTHER GIVEN** that the Motion is supported by this notice and the concurrently filed memorandum of points and authorities; the [Proposed] Second Amended Complaint, a copy of which is attached as Exhibit A as required by Local Bankruptcy Rule 7015-1(a); and other such evidence or matters of which the court may take judicial notice as may be properly presented to the Court at or before the hearing.

Dated: February 10, 2026

BIENERT KATZMAN LITTRELL WILLIAMS LLP

By: */s/ Steven J. Katzman*
Steven J. Katzman
Attorneys for the Plaintiffs

1

MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      Introduction

In order to bring to an end the long standing above-captioned adversary proceeding (the "Adversary Proceeding"), Plaintiffs seek to amend their First Amended Complaint by deleting the one unadjudicated Claim for Relief contained in that pleading.  Since the Court has already granted MSJ on Plaintiffs' Second Claim for Relief and found the 2015 Oregon Civil Contempt Judgment against defendant John Halvorson ("Defendant") nondischargeable, Plaintiffs wish to expedite the entry of a final judgment.  Amending the First Amended Complaint will accomplish that goal without the expenditure of additional and unnecessary time and expense.

The proposed amendment is limited and simply deletes the First Claim for Relief (Fraud 11 USC § 523(a)(2)(A)) and replaces the attorneys who filed the First Amended Complaint with current counsel for Plaintiffs.  No new facts are plead, and no new claims for relief are asserted.

As required by Local Bankruptcy Rule 7105-1(a), a copy of the proposed Second Amended Complaint is attached to this Motion as Exhibit A.  Plaintiffs have also presented a [Proposed] ("Judgment") for the Court's consideration (Exhibit B), as granting the motion would permit the Court to enter judgment as previously contemplated in the Court's MSJ Order.  Upon entry of an order granting the Motion, Plaintiffs intend to lodge the Judgment with the Court.

### II.     Facts and Procedural History

**A.      Plaintiffs Move for Summary Judgment on the Second Claim for Relief in the First Amended Complaint.  This Court Grants the Motion, and Delays Entry of a Final Judgment Until All Claims in this Adversary Proceeding are Resolved.**

Plaintiffs filed their First Amended Complaint for Nondischargeability of Debt on June 3, 2016. Dkt. 74. It contained two Claims for Relief: Fraud (11 USC § 523(a)(2)(A)), and Willful and Malicious Injury (11 USC § 523(a)(6)).

On June 2, 2025, Plaintiffs moved for summary judgment on the Second Claim for Relief on the grounds that Defendant's conviction of multiple felonies in Oregon should be given issue preclusive effect, and on that basis all the necessary factual predicates for nondischargeability under 11 USC § 523(a)(6) were established. Dkt. 238. On September 9, 2025, this Court entered its Order Granting the MSJ (the

MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

"MSJ Order").  In the MSJ Order, the Court stated that it would defer entry of a final judgment until the resolution of the remaining Claim for Relief.  Dkt. 265 at p. 13.

**III.    Defendant Inexplicably States Opposition to the Amendment.**

Plaintiffs had expected that the amendment of the First Amended Complaint, dismissing a claim against the Defendant, would be accomplished by stipulation.  As part of the Joint Status Report filed on October 15, 2025, Plaintiffs stated their intent to amend the First Amended Complaint by deleting the First Claim for Relief, either by way of stipulation or if no stipulation could be had, by way of a motion to amend. Dkt. 269 at p. 4.  In response, Defendant not only declined to stipulate, but stated he would oppose any motion to amend. *Id*. at p. 5.  Defendant offered no explanation for why he would not agree to the deletion of a claim for relief against him, particularly when that deletion would lead to the end to this Adversary Proceeding (at least in this Court).

**IV.    Legal Standard**

Rule 15(a) of the Federal Rules of Civil Procedure (applicable here under Federal Rules of Bankruptcy Procedure Rule 7015) provides that a party may amend its pleading by leave of court or by written consent of the opposing party, and the court should freely grant leave when justice so requires. *Foman v. Davis*, 371 US 178, 182 (1962) (the mandate of granting leave when justice requires "is to be heeded.")  Unless an opposing party makes a showing of undue prejudice or bad faith or dilatory motive on the part of the moving party, leave to amend should be granted. *Id.*

**V.    The Court Should Grant Amendment to Allow for Conclusion of the Adversary Proceeding**

Plaintiffs seek to amend the First Amended Complaint for in to avoid the time and expense of further litigation on a case where MSJ has already been granted a claim for relief determining nondischargeability. Plaintiffs believe the reasoning in the Court's MSJ Order regarding the issue preclusive effect of Defendant's Oregon felony convictions would have equal force on the remaining claim for relief, and summary judgment could be obtained on that claim as well. However, the goals of judicial economy and efficiency militate in favor of deleting the claim.  This is a textbook example of amending with an eye toward justice. With the First Claim for Relief gone, the Court can move forward with the entry of a final judgment in this Adversary Proceeding.

Amendment of the Complaint is necessary as under Ninth Circuit authority, dismissal of a single

2

MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

claim, without effecting a dismissal of a party cannot be accomplished under Rule 41 of the Federal Rules of Civil Procedure.  Such relief can only be obtained via amendment of a complaint. *See Ethridge v. Harbor House Restaurant,* 861 F.2d 1389, 1392 (9th Cir. 1988) (discussing FRCP 41(a)(1)); *Hells Canyon Preservation Council v. U.S. Forest Service,* 403 F.3d 683, 688-690 (9th Cir. 2005) (addressing FRCP 41(a)(2)).

Prior to filing this Motion, Plaintiffs sought Defendant's stipulation to amendment.  Defendant declined to do so, and even more inexplicably, announced his intention to oppose a motion that would eliminate a claim for relief against him, and end this Adversary Proceeding against him. Defendant has repeatedly and incorrectly accused Plaintiffs of "scorched earth" litigation, yet now he is presented with an opportunity to bring finality to this Adversary Proceeding, and not only does he require Plaintiffs to incur additional expenses in bringing this Motion, but desires to keep claims against him alive, thereby forcing Plaintiffs and the Court to spend unnecessary time in further litigation.

Nevertheless, there is no prejudice to Defendant.  On the contrary, amending by deleting the remaining claim for relief is advantageous to him.  One additional ground for nondischargeability will be removed from this litigation.

Plaintiffs are acting in an expeditious, not dilatory, manner.  The Court granted MSJ.  Plaintiffs tried to seek amendment by stipulation shortly after that.  Following Defendant's rejection of that effort, Plaintiffs now present this motion.

For these same reasons, there is no bad faith in deleting a claim for relief and expediting entry of a final judgment.

**VI.    Conclusion**

For the reasons stated above, and in accordance with applicable authority on amendments, the Motion should be granted. and the Second Amended Complaint filed.  Since Summary Judgment has already been granted on the only Claim for Relief in the Second Amended Complaint, there is no need for any responsive pleading to be filed by Defendant.

Dated:  February 10, 2026                      BIENERT KATZMAN LITTRELL WILLIAMS LLP

By: */s/ Steven J. Katzman*
Steven J. Katzman
Attorneys for the Baek Parties

MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

# EXHIBIT A

Steven Jay Katzman (SBN 132755)
skatzman@bklwlaw.com
**BIENERT KATZMAN
LITTRELL WILLIAMS LLP**
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone: (949) 369-3700
Facsimile: (949) 369-3701

Kyle Kveton (SBN 110805)
kyle@kvetonlaw.com
**LAW OFFICE OF KYLE KVETON**
680 E. Colorado Boulevard, Suite 180
Pasadena, California 91101
Telephone: (626) 770-5066

Attorneys for *Plaintiffs*
Baek 124th, LLC, Baek 153, LLC, Baek Ainsworth Property, LLC,
Baek Development LLC, Baek Holdings, LLC, Baek Family Partnership, LLC,
Baek Uptown Property, LLC, Pacific Commercial Group, LLC, RGJ Baek, LLC,
Grace Baek, and Richard Baek

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>JOHN OLAF HALVORSON,<br><br>　　　　　Debtor.<br><br>———————————————<br><br>BAEK 124th LLC, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>JOHN OLAF HALVORSON,<br><br>　　　　　Defendant. | Case No.  8:15-bk-13556-SC<br><br>Chapter 7<br><br>Adv. No.: 15-ap-01382-SC<br><br>**[PROPOSED] SECOND AMENDED COMPLAINT FOR NONDISCHARGEABILITY OF DEBT** |

**COMPLAINT FOR NONDISCHARGEABILITY OF DEBT**

Plaintiffs Baek 124th, Baek 153, LLC, Baek Ainsworth Property, LLC, Baek Development, LLC, Baek Holdings, LLC, Baek Family Partnership, LLC, Baek Uptown Property, LLC, Pacific Commercial Group, LLC, RGJ Baek, LLC, Grace Baek, and Richard Baek bring this action against Defendant John Olaf Halvorson as follows:

**JURISDICTION AND VENUE**

**INCLUDING FRBP 7008(a) STATEMENT**

1.      Jurisdiction over this adversary proceeding arises under 28 U.S.C. sections 157(b), 1334(b) and United States District Court for the Central District of California General Order No. 13-05; this adversary proceeding relates to *In re John Olaf Halvorson,* Case No. 8:15-bk-13556-SC, a Chapter 7 case pending before the United States Bankruptcy Court for the Central District of California, Santa Ana Division.  This matter is a core proceeding under 28 U.S.C. section 157(b)(2)(B), (I), and (O). The matters in controversy arise under 11 U.S.C. section 523.

2.      Venue is properly in this district pursuant to 28 U.S.C. section 1409(a); this is a core proceeding arising in a bankruptcy case pending in this District.

3.      The United States Bankruptcy Court for the Central District of California may enter a final judgment resolving all issues raised by the Plaintiffs.

**PARTIES**

4.      Plaintiff Baek 124th, LLC is, and at all times mentioned herein was, an Oregon Limited Liability Company.

5.      Plaintiff Baek 153, LLC is, and at all times mentioned herein was, an Oregon Limited Liability Company.

6.      Plaintiff Baek Ainsworth Property, LLC is, and that all times mentioned herein was, an Oregon Limited Liability Company.

7.      Plaintiff Baek Development, LLC is, and at all times mentioned herein was, an Oregon Limited Liability Company.

8.      Plaintiff Baek Family Partnership, LLC is, and at all times mentioned herein was, an Oregon Limited Liability Company.

1

[PROPOSED] SECOND AMENDED COMPLAINT

9. Plaintiff Baek Holdings, LLC is, and at all times mentioned herein was, an Oregon Limited Liability Company.

10. Plaintiff Baek Uptown Property, LLC is, and at all times mentioned herein was, an Oregon Limited Liability Company.

11. Plaintiff Pacific Commercial Group, LLC is, and at all times mentioned herein was, an Oregon Limited Liability Company.

12. Plaintiff RGJ Baek, LLC is, and at all times mentioned herein was, an Oregon Limited Liability Company.

13. Plaintiff Grace Baek, an individual, is, and at all times mentioned herein was, a resident of the State of California.

14. Plaintiff Richard Baek, an individual, is, and at all times mentioned herein was, a resident of the State of Oregon.

15. Plaintiffs Baek 124th, LLC, Baek Ainsworth Property, LLC, Baek Development, LLC, Baek Holdings, LLC, Baek Uptown Property, LLC, Pacific Commercial Group, LLC, and RGJ Baek, LLC have each been dissolved; each's actions herein constitute winding up and liquidation as permitted by applicable law including, but not limited to, ORS 60.637.

16. Defendant John Olaf Halvorson ("Defendant" or "Halvorson") is, and at all times mentioned herein was, a resident of the State of California.

## STATEMENT OF FACTS

### *The Oregon Litigation*

17. Plaintiff's claims against Defendant arise from the General Judgment of Contempt (the "Contempt Judgment") entered by the Circuit Court for the State of Oregon for the County of Multnomah ("Oregon Court").

18. The Oregon Court consolidated for all purposes the four (4) cases involving Plaintiffs and Defendant: *Baek Holdings, LLC v. Halvorson,* Case No. 1309-12855; *Baek 124th et al. v. Halvorson, et al.,* Case No. 1304-05704; *Pacific Commercial Group, LLC et al.,* Case No. 1305-06745; and *Halvorson v. Baek*, et al., Case No. 1403-03850 (the "Oregon Litigation").

[PROPOSED] SECOND AMENDED COMPLAINT

19.     Halvorson alleged in the Oregon Litigation that he had ownership interest in certain companies owned by Grace Baek and/or Richard Baek.

20.     At some time prior to his January 31, 2014 production to Plaintiffs, Halvorson located a copy of a 2008 unexecuted draft amendment to the 2005 Prenuptial Agreement (the "Prenuptial Agreement") and altered the unexecuted draft amendment to remove the signature blocks for counsel and, using a copy of Grace Baek's signature from a quitclaim deed dated February 20, 2008 (the "Quitclaim Deed"), forged her signature by copying or scanning. Halvorson further altered the unexecuted draft amendment using another document signed by Dennis Dalton, his friend, and affixed a copy of that signature to the unexecuted draft amendment and marked it as "Witnessed and attested" to purportedly reflect that Mr. Dalton had witnessed Grace Baek's signature to the unexecuted draft amendment. Together, these alterations to the unexecuted draft amendment, after which the document purported to show the signatures of Halvorson, Grace Baek, and Dennis Dalton, constitute the creation and forgery of the Alleged Amendment (the "Alleged Amendment").

21.     Sometime between the dates of January 13 and January 22, 2014, Halvorson met in person with Dennis Dalton at The Sandwich Shoppe in Modesto, California. At that meeting, Halvorson discussed his desire to obtain property from the Baeks. Halvorson presented the Alleged Amendment with Mr. Dalton's forged signature to Mr. Dalton and indicated that he intended to produce the Alleged Amendment in the Oregon Litigation to obtain the property of the Baeks. Mr. Dalton "strongly advised" Mr. Halvorson not to produce the forgery.

22.     On January 31, 2014, Halvorson produced the Alleged Amendment to Plaintiffs.

23.     On February 3, 2014, Halvorson began what was to be a two-day deposition. Through his deposition, Halvorson repeatedly testified that his claims in the Oregon Litigation were supported by the Alleged Amendment. Halvorson testified that the Alleged Amendment entitled him to community property interests worth approximately $1.8 million.

24.     Halvorson repeatedly denied the Alleged Amendment was fraudulent or forged. In response to the question of "Did you forge Exhibit 45 [the exhibit number given to the Alleged Amendment]," Halvorson testified "No." In response to the question of "I just want to ask you again after you've gone through all of this, did you forge Exhibit 45?", Halvorson again testified "No, I did not."

3

25.     Halvorson, by and through counsel, terminated the continued deposition (the second day), instructed the court reporter and videographer not to return, and canceled the deposition of Richard Baek.

26.     After the close of the February 3 deposition and until the submission of a motion to show cause, Grace Baek, by and through counsel, repeatedly informed Halvorson, by and through counsel, that contempt proceedings would be initiated.

27.     On February 27, 2014, Grace Baek submitted, later joined by the other Plaintiffs, a Motion for an Order to Appear and Show Cause Why Defendant John Halvorson Should Not Be Held in Remedial Contempt of Court.

28.     On March 12, 2014, Halvorson signed a "Deposition Errata Sheet", under penalty of perjury, purporting to make corrections to the transcript of his deposition. Despite the opportunity, Halvorson made no attempt to recant, withdraw or otherwise correct the Alleged Amendment or his testimony regarding the same until signing the Deposition Errata Sheet nearly two weeks after contempt proceedings had been initiated against him and more than five weeks after offering the Alleged Amendment and his testimony.

29.     In the Deposition Errata Sheet, Halvorson admitted that he gave false testimony and that his answers at the deposition regarding the Alleged Amendment were false.

30.     The corrections contained in the Deposition Errata Sheet include changing Halvorson's response to the question of "Did you forge Exhibit 45?" from his testimony of "No" to "I created Exhibit 45."

31.     The corrections contained in the Deposition Errata Sheet include changing Halvorson's response to the question of "I just want to ask you again after you've gone through all of this, did you forge Exhibit 45?" from his testimony of "No, I did not." to "You asked that question before and I answered it. I created the signature page on Exhibit 45."

32.     The corrections contained in the Deposition Errata Sheet include changing Halvorson's response, regarding whether Grace Baek signed the Alleged Amendment from his testimony of "Yes" to "No."

4
[PROPOSED] SECOND AMENDED COMPLAINT

33.     The corrections contained in the Deposition Errata sheet include changing Halvorson's response to the question of identification of the Alleged Amendment from his testimony of "It's an amendment to our prenuptial agreement" to "It's a mistake."

34.     Halvorson, by and through counsel, appeared and opposed both the Order to Show Cause regarding his contempt and, once the Oregon Court found him in contempt, the consequences of his forgery and perjury.

35.     After multiple hearings and briefing by the parties, on June 25, 2014, the Oregon Court signed its Opinion and Order assessing the consequences of Halvorson's contemptuous actions: as the consequence and measure of the damage caused by Halvorson's forgery, the Oregon Court dismissed all of Halvorson's claims against Plaintiffs, allowed certain of Plaintiffs' claims against Halvorson, and opposed attorney fees.

36.     Next, the Oregon Court conducted its hearings on the allowed claims against Halvorson and the attorney fees: again, Halvorson, by and through counsel, appeared and opposed Plaintiffs in a two-day evidentiary hearing.

37.     On January 25, 2015, the Oregon Court entered its Opinion on Fees and Damages, liquidating Plaintiffs' damages resulting from Halvorson's forgery of the Alleged Amendment and his related perjury.

38.     On February 3, 2015, Halvorson again appeared and opposed the proposed forms of Judgment, stated that "there is no finding or evidentiary basis to find that Mr. Halvorson committed any fraud on the Court."

39.     On February 10, 2015, the Oregon Court entered its Opinion Re: Objections to Form of Judgment, overruling Halvorson's objections and stating that "The court finds the statement, incorporated into the judgment, that Mr. Halvorson engaged in a 'deliberate fraud against the court' to be entirely consistent with the ruling of the court and well supported by the facts."

40.     On February 10, 2015, the Oregon Court entered the Contempt Judgment, which together with supplements, liquidates amounts owed by Halvorson to Plaintiffs.

[PROPOSED] SECOND AMENDED COMPLAINT

# CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

(Fraud – 11 U.S.C. section 523(a)(2)(A))

**DELETED BY AMENDMENT**

## SECOND CLAIM FOR RELIEF

(Willful and Malicious Injury – 11 U.S.C. section 523(a)(6))

41.     Plaintiffs adopt and re-allege each and every allegation set forth above as though fully set forth herein.

42.     Halvorson willfully disobeyed the Oregon Courts authority or processes in contempt of the Oregon Court by deliberately and intentionally falsifying evidence in discovery and repeatedly and knowingly committing perjury about his role in producing the false evidence. Halvorson intentionally and knowingly did so for his personal gain and to deceive the Plaintiffs and the Oregon Court.

43.     Halvorson's conduct was malicious. His disobedience of the Oregon Court's authority or processes in contempt of the Oregon Court by deliberately and intentionally falsifying evidence in discovery and repeatedly and knowingly committing perjury about his role in producing the false evidence was a wrongful act. Halvorson's conduct was done intentionally and knowingly. Halvorson's conduct necessarily caused the injury to plaintiffs. Halvorson's conduct was done without just cause or excuse.

44.     Plaintiff's losses and damages resulting from Halvorson's willful and malicious injury were liquidated by the Contempt Judgment.

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

That this Court make the determination that the Contempt Judgment, including any supplements thereto, is nondischargeable; and

For such other and further relief as this Court may deem just and equitable.

[PROPOSED] SECOND AMENDED COMPLAINT

Dated: _____          BIENERT KATZMAN LITTRELL WILLIAMS LLP


By: */s/ DRAFT*_____
      Steven J. Katzman
      Attorneys for the Plaintiffs

Dated: _____          LAW OFFICE OF KYLE KVETON


By: */s/ DRAFT*_____

      Kyle Kveton
      Attorneys for the Plaintiffs

[PROPOSED] SECOND AMENDED COMPLAINT

# EXHIBIT B

Steven Jay Katzman (SBN 132755)
skatzman@bklwlaw.com
**BIENERT KATZMAN
LITTRELL WILLIAMS LLP**
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone: (949) 369-3700
Facsimile: (949) 369-3701

Kyle Kveton (SBN 110805)
kyle@kvetonlaw.com
**LAW OFFICE OF KYLE KVETON**
680 E. Colorado Boulevard, Suite 180
Pasadena, California 91101
Telephone: (626) 770-5066

Attorneys for *Plaintiffs*
Baek 124th, LLC, Baek 153, LLC, Baek Ainsworth Property, LLC,
Baek Development LLC, Baek Holdings, LLC, Baek Family Partnership, LLC,
Baek Uptown Property, LLC, Pacific Commercial Group, LLC, RGJ Baek, LLC,
Grace Baek, and Richard Baek

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>JOHN OLAF HALVORSON,<br><br>Debtor.<br><hr>BAEK 124th LLC, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN OLAF HALVORSON,<br><br>Defendant. | Case No.  8:15-bk-13556-SC<br><br>Chapter 7<br><br>Adv. No.: 15-ap-01382-SC<br><br>**[PROPOSED] JUDGMENT** |

[PROPOSED] JUDGMENT

Based upon the order on *Motion for Summary Judgment* Dkt. No. 265 the Court **HEREBY ENTERS JUDGMENT** in favor of plaintiffs Baek 124th, LLC; Baek 153, LLC; Baek Ainsworth Properties, LLC; Baek Development, LLC; Baek Holdings, LLC; Baek Family Partnership, LLC; Baek Uptown Property, LLC; Pacific Commercial Group, LLC; RGJ Baek, LLC; Grace Baek; and Richard Baek (collectively, the "Plaintiffs"), against defendant John Olaf Halvorson ("Halvorson"), as follows:

1.      On February 10, 2015, the Circuit Court of the State of Oregon, Multnomah County entered a prepetition judgment against Halvorson. Case No. 1309-12855 ("Oregon Judgment").

2.      On February 25, 2015, Plaintiffs filed an action in the Superior Court of California, County of Orange to register the Oregon Judgment in California and filed an Application for Entry of Judgment on Sister-State Judgment. On February 25, 2025, the Honorable David Hesseltine granted Plaintiffs' application to renew the sister-state judgment. Case No. 30-2015-00773559-CUY-EN-CJC, ROA 135 ("Sister State Judgment").

3.      Because the Oregon Judgment (and the related Sister State Judgment) represent debts arising from "willful and malicious injury by the debtor to another entity or to the property of another entity," they are excepted from Halvorson's discharge pursuant to 11 U.S.C. § 523(a)(6), including:

   a.      $750,000 in attorney fees, $8,116.13 in damages, and $26,706.62 in costs, for a total amount of $785,972.75; and

   b.      Postjudgment interest accruing at nine percent per annum, pursuant to ORS 82.010.

4.      Each side will bear its own costs.

###

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

903 Calle Amanecer, Suite 350, San Clemente, CA 92673.

A true and correct copy of the foregoing document entitled **NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT [FRCP 15; LBR 7015-1]** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the mannerstated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On February 10, 2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On _____, I served the following persons and/or entities at the last known addresses in this bankruptcycase or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____
served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.   Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 10, 2026 | Elizabeth Garcia | /s/ Elizabeth Garcia |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                 **F 9013-3.1.PROOF.SERVICE**

## SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING

**Christopher N Coyle on behalf of Plaintiff Baek Holdings, LLC**
chris@vbcattorneys.com, vbcattorney4@yahoo.com

**Marc C Forsythe on behalf of Defendant John Olaf Halvorson**
mforsythe@goeforlaw.com,
mforsythe@goeforlaw.com;dcyrankowski@goeforlaw.com;Forsythe.MarcR136526@notify.bestcase.com

**Jeffrey I Golden on behalf of Trustee Weneta M.A. Kosmala (TR)**
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b117954@notify.bestcase.com

**D Edward Hays on behalf of Defendant John Olaf Halvorson**
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

**Steven J. Katzman on behalf of Plaintiff Baek 124th, LLC**
skatzman@bklwlaw.com, 1193516420@filings.docketbird.com,docket@bklwlaw.com

**Steven J. Katzman on behalf of Plaintiff Baek 153, LLC**
skatzman@bklwlaw.com, 1193516420@filings.docketbird.com,docket@bklwlaw.com

**Steven J. Katzman on behalf of Plaintiff Baek Ainsworth Property, LLC**
skatzman@bklwlaw.com, 1193516420@filings.docketbird.com,docket@bklwlaw.com

**Steven J. Katzman on behalf of Plaintiff Baek Development, LLC**
skatzman@bklwlaw.com, 1193516420@filings.docketbird.com,docket@bklwlaw.com

**Steven J. Katzman on behalf of Plaintiff Baek Family Partnership**
skatzman@bklwlaw.com, 1193516420@filings.docketbird.com,docket@bklwlaw.com

**Steven J. Katzman on behalf of Plaintiff Baek Holdings, LLC**
skatzman@bklwlaw.com, 1193516420@filings.docketbird.com,docket@bklwlaw.com

**Steven J. Katzman on behalf of Plaintiff Baek Uptown Property, LLC**
skatzman@bklwlaw.com, 1193516420@filings.docketbird.com,docket@bklwlaw.com

**Steven J. Katzman on behalf of Plaintiff Pacific Commercial Group, LLC**
skatzman@bklwlaw.com, 1193516420@filings.docketbird.com,docket@bklwlaw.com

**Steven J. Katzman on behalf of Plaintiff RGJ Baek,** LLC
skatzman@bklwlaw.com, 1193516420@filings.docketbird.com,docket@bklwlaw.com

**Steven J. Katzman on behalf of Plaintiff Grace Baek**
skatzman@bklwlaw.com, 1193516420@filings.docketbird.com,docket@bklwlaw.com

**Steven J. Katzman on behalf of Plaintiff Richard Baek**
skatzman@bklwlaw.com, 1193516420@filings.docketbird.com,docket@bklwlaw.com

**Weneta M.A. Kosmala (TR)**
ecf.alert+Kosmala@titlexi.com, wkosmala@txitrustee.com;dmf@txitrustee.com;sdk@txitrustee.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**Kyle Kveton on behalf of Plaintiff Baek 124th, LLC**
kyle@kvetonlaw.com, mecheverria@romalaw.com

**Kyle Kveton on behalf of Plaintiff Baek 153, LLC**
kyle@kvetonlaw.com, mecheverria@romalaw.com

**Kyle Kveton on behalf of Plaintiff Baek Ainsworth Property, LLC**
kyle@kvetonlaw.com, mecheverria@romalaw.com

**Kyle Kveton on behalf of Plaintiff Baek Development, LLC**
kyle@kvetonlaw.com, mecheverria@romalaw.com

**Kyle Kveton on behalf of Plaintiff Baek Family Partnership**
kyle@kvetonlaw.com, mecheverria@romalaw.com

**Kyle Kveton on behalf of Plaintiff Baek Holdings, LLC**
kyle@kvetonlaw.com, mecheverria@romalaw.com

**Kyle Kveton on behalf of Plaintiff Baek Uptown Property, LLC**
kyle@kvetonlaw.com, mecheverria@romalaw.com

**Kyle Kveton on behalf of Plaintiff Pacific Commercial Group, LLC**
kyle@kvetonlaw.com, mecheverria@romalaw.com

**Kyle Kveton on behalf of Plaintiff RGJ Baek, LLC**
kyle@kvetonlaw.com, mecheverria@romalaw.com

**Kyle Kveton on behalf of Plaintiff Grace Baek**
kyle@kvetonlaw.com, mecheverria@romalaw.com

**Kyle Kveton on behalf of Plaintiff Richard Baek**
kyle@kvetonlaw.com, mecheverria@romalaw.com

**Charity J Manee on behalf of Defendant John Olaf Halvorson**
cmanee@goeforlaw.com, kmurphy@goeforlaw.com

**Carlos A Nevarez on behalf of Interested Party Courtesy NEF**
cnevarez@bklwlaw.com, 1193516420@filings.docketbird.com,docket@bklwlaw.com

**Carlos A Nevarez on behalf of Plaintiff Baek 124th, LLC**
cnevarez@bklwlaw.com, 1193516420@filings.docketbird.com,docket@bklwlaw.com

**Carlos A Nevarez on behalf of Plaintiff Baek 153, LLC**
cnevarez@bklwlaw.com, 1193516420@filings.docketbird.com,docket@bklwlaw.com

**Carlos A Nevarez on behalf of Plaintiff Baek Family Partnership**
cnevarez@bklwlaw.com, 1193516420@filings.docketbird.com,docket@bklwlaw.com

**Carlos A Nevarez on behalf of Plaintiff Baek Holdings, LLC**
cnevarez@bklwlaw.com, 1193516420@filings.docketbird.com,docket@bklwlaw.com

**Carlos A Nevarez on behalf of Plaintiff Pacific Commercial Group, LLC**
cnevarez@bklwlaw.com, 1193516420@filings.docketbird.com,docket@bklwlaw.com

**Carlos A Nevarez on behalf of Plaintiff RGJ Baek, LLC**
cnevarez@bklwlaw.com, 1193516420@filings.docketbird.com,docket@bklwlaw.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**Carlos A Nevarez on behalf of Plaintiff Grace Baek**
cnevarez@bklwlaw.com, 1193516420@filings.docketbird.com,docket@bklwlaw.com

**Carlos A Nevarez on behalf of Plaintiff Richard Baek**
cnevarez@bklwlaw.com, 1193516420@filings.docketbird.com,docket@bklwlaw.com

**Faye C Rasch on behalf of Interested Party Courtesy NEF**
faye@wrlawgroup.com, travis@wrlawgroup.com;oa@wrlawgroup.com

**Corey B Tolliver on behalf of Defendant John Olaf Halvorson**
ctolliver@vital-enterprises.com, 4394866420@filings.docketbird.com

**Corey B Tolliver on behalf of Defendant Marc C Forsythe**
ctolliver@vital-enterprises.com, 4394866420@filings.docketbird.com

**Corey B Tolliver on behalf of Interested Party Courtesy NEF**
ctolliver@vital-enterprises.com, 4394866420@filings.docketbird.com

**Corey B Tolliver on behalf of Trustee Weneta M.A. Kosmala (TR)**
ctolliver@vital-enterprises.com, 4394866420@filings.docketbird.com

**United States Trustee (SA)**
ustpregion16.sa.ecf@usdoj.gov

**Anne A Uyeda on behalf of Plaintiff Baek 124th, LLC**
auyeda@bklwlaw.com, 7657482420@filings.docketbird.com,docket@bklwlaw.com

**Anne A Uyeda on behalf of Plaintiff Baek 153, LLC**
auyeda@bklwlaw.com, 7657482420@filings.docketbird.com,docket@bklwlaw.com

**Anne A Uyeda on behalf of Plaintiff Baek Family Partnership**
auyeda@bklwlaw.com, 7657482420@filings.docketbird.com,docket@bklwlaw.com

**Anne A Uyeda on behalf of Plaintiff Baek Holdings, LLC**
auyeda@bklwlaw.com, 7657482420@filings.docketbird.com,docket@bklwlaw.com

**Anne A Uyeda on behalf of Plaintiff Pacific Commercial Group, LLC**
auyeda@bklwlaw.com, 7657482420@filings.docketbird.com,docket@bklwlaw.com

**Anne A Uyeda on behalf of Plaintiff RGJ Baek, LLC**
auyeda@bklwlaw.com, 7657482420@filings.docketbird.com,docket@bklwlaw.com

**Anne A Uyeda on behalf of Plaintiff Grace Baek**
auyeda@bklwlaw.com, 7657482420@filings.docketbird.com,docket@bklwlaw.com

**Anne A Uyeda on behalf of Plaintiff Richard Baek**
auyeda@bklwlaw.com, 7657482420@filings.docketbird.com,docket@bklwlaw.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                    **F 9013-3.1.PROOF.SERVICE**